UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CABINETS TO GO, LLC,<br><br>   Plaintiff,<br><br> vs.<br><br>QINGDAO HAIYAN REAL ESTATE GROUP CO., LTD, et al.<br><br>   Defendants. | Case No. 3:21-cv-00711<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Jeffery S. Frensley |

**PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER ALLOWING ALTERNATIVE SERVICE ON DEFENDANTS QINGDAO HAIYAN REAL ESTATE GROUP CO., LTD, QINGDAO DROUOT WOOD INDUSTRY CO., LTD, AND ALNO INDUSTRY SDN BHD AND MEMORANDUM OF LAW**

## Introduction

On September 14, 2021, Plaintiff Cabinets to Go, LLC ("Cabinets to Go") filed its Complaint (ECF No. 1) alleging substantial breach of contract claims against all defendants, which include deceptive practices related to United States import laws. On November 2, 2021, Cabinets to Go filed an Amended Complaint (ECF No. 26) to identify the two Chinese defendants by their proper Chinese names and to add additional allegations.

Defendants Qingdao Haiyan Real Estate Group Co., LTD, ("Haiyan") and Qingdao Drouot Wood Industry Co., LTD ("Drouot") are both Chinese companies located in China. Defendant Alno Industry SDN BHD ("Alno") is listed as a Malaysian company. All of the defendants in this case acted in concert to breach their obligations to provide Cabinets to Go with

products manufactured in Malaysia, not China, and to truthfully represent that such products were manufactured in Malaysia, not China.

Cabinets to Go moves this Court for an alternative method of service under Fed. R. Civ. P. 4(f)(3). As discussed in more detail below, Haiyan, Drouot, and Alno regularly conducted business with Cabinets to Go through email in English and the representatives of the Chinese companies (Haiyan and Drouot) are also representatives of the Malaysian company (Anlo). Additionally, all four defendants in this case have retained the same U.S.-based counsel and thus must have actual notice of this lawsuit and the claims against them. Consequently, Cabinets to Go seeks permission to serve these three defendants by email or, in the alternative, through their U.S. attorneys.

## Factual Background

Representatives of Haiyan, Drouot, and Alno regularly communicated with Cabinets to Go by email and email is the primary method of doing business between the parties. (**Exhibit 1**, Declaration of Jason Delves ("Delves Decl.") at ¶ 2.) Sabrina Lee, a representative of all three defendants, communicated regularly back and forth with Jason Delves, the CEO of Cabinets to Go, regarding several topics over the last eight months using the e-mail address sabrina@haiyanwoodworking.com. (*Id*., ¶ 3.) All of these email communications were in English. (*Id*., ¶ 4.)

During these exchanges, Mr. Delves and Ms. Lee discussed many topics, including the issues raised in this lawsuit. (*Id*., ¶ 5.) Indeed, there was a specific email exchange followed by a telephone conversation conducted in English where they discussed the country of origin of the products. (*Id*., ¶ 6.) During those exchanges and that conversation, Mr. Delves and Ms. Lee discussed whether the products at issue in this case were manufactured in Malaysia. (*Id*.)

Previous to that conversation, they had also discussed a potential acquisition of certain Haiyan assets in the United States by Cabinets to Go. (*Id.*, ¶ 7.)

On September 16, 2021, counsel for Cabinets to Go sent a request for waiver of service to Ms. Lee as agent for Haiyan, Drouot, and Alno by e-mail. (**Exhibit 2**, Declaration of V. Brandon McGrath ("McGrath Decl."), at ¶ 2.) The e-mail did not bounce back. (*Id.*, ¶ 3.) Cabinets to Go also sent the request for waiver of service by FedEx to all three defendants. It was delivered to Alno, Haiyan, and Drouot on September 23, 2021. (*Id.*, ¶ 4-5.) On September 23, 2021, counsel for Cabinets to Go learned that all of the defendants in this case had retained U.S.-based counsel, the Perez Morris law firm, located in Columbus, Ohio. (*Id.*, ¶ 6.) Counsel then engaged in telephone conversations and email exchanges addressing the substantive issues raised in this lawsuit including substantive settlement discussions. (*Id.*, ¶ 7.)[1]

On October 15, 2021, Cabinets to Go sent requests for waiver of service by email to counsel for the defendants. (*Id.*, ¶ 8.) Counsel for the defendants responded to that email and stated that he is unable to accept service, but he did not specifically address the waiver request. (*Id.*, ¶ 9.) Presumably, counsel for the defendants will not execute the waivers and, as of the filing of this motion, has not done so. Cabinets to Go is in the process of preparing and serving process on Haiyan and Drouot through the Hague Convention. (*Id.*, ¶ 10.)

Since this case was filed, there have been substantive developments that immediately affect Cabinets to Go. On September 27, 2021, Cabinets to Go was required to import the thirteen containers that had actually been delivered to the United States. (Delves Decl, ¶ 8; Amended Complaint, ECF No. _, ¶_.) As a result, Cabinets to Go was required by law to amend

---

[1] The substance of these settlement discussions is not relevant and is not being disclosed. The fact that Haiyan, Drouot, and Alno engaged in settlement discussions demonstrates that they must have actual notice of this lawsuit and the claims against them, otherwise such discussions would not be possible.

its customs declaration regarding the country of origin for the products in these containers and is now subject to the tariffs associated with importing product from China instead of Malaysia. (Delves Decl., ¶ 9; ECF No. _, ¶_.) Consequently, Cabinets to Go has sustained at least $650,000 in damages related to these tariffs. (Delves Decl., ¶ 10; ECF No. _, ¶_.) Cabinets to Go's losses are mounting daily.

### Argument

1. **Alternative service methods are authorized by the Federal Rules of Civil Procedure.**

The Sixth Circuit has not addressed whether there is a hierarchy or preference among Rule 4(f)'s methods of service. *Slay v. IB Travelin, Inc.*, No. 2:18-CV-02728, 2019 WL 572877, at *2 (W.D. Tenn. Feb. 12, 2019) (citing *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, 250 F.Supp.3d 296, 306 (W.D. Ky. 2017). In *Slay*, the Court relied on Ninth Circuit authority, which held that "Rule 4(f)(3) is 'neither a last resort nor extraordinary relief [but rather] merely one means among several.'" *Slay v. IB Travelin, Inc.*, No. 2:18-CV-02728, 2019 WL 572877, at *2 (W.D. Tenn. Feb. 12, 2019) (quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Thus, there are only two requirements for service under Rule 4(f)(3): (1) it must be directed by the court, and (2) not prohibited by international agreement. *Popular Enters., LLC v. Webcom Media Grp.*, Inc., 225 F.R.D. 560, 561 (E.D. Tenn. 2004).

2. **Alternative service on Alno is proper because Malaysia is not a signatory to the Hague Convention.**

When service through the Hague Convention is not required, courts have "broad authority to determine an appropriate alternative method of service." *Chanel, Inc. v. Zhibing*, No. 2:09-CV-02835-CGC, 2010 WL 1009981, at *4 (W.D. Tenn. Mar. 17, 2010) (citing FRCP

21719761.v1
4
Case 3:21-cv-00711    Document 27    Filed 11/03/21    Page 4 of 9 PageID #: 99

4(f)(2)-(3); *Rio Props.*, 284 F.3d at 1015–16; *BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D.Va.2006)).  The Sixth Circuit requires that service "must comport with constitutional notions of due process." *Studio A Entm't, Inc. v. Active Distributors, Inc.,* No. 1:06cv2496, 2008 WL 162785, at 3 (N.D. Ohio Jan. 15, 2008).  Thus, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Popular Enters,* 225 F.R.D. at 561 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

"Because Malaysia is not a signatory to the Hague Convention, service on the Malaysia-based defendants under Rule 4(f)(1) is not possible.  No other international agreement bars service by email upon the Malaysia-based defendants." *McGraw-Hill Glob. Educ. Holdings, LLC v. Turcios*, 2018 WL 11282740, at *2 (S.D.N.Y. Apr. 20, 2018) quoting *Elsevier, Inc. v. Siew Yee Chew,* 2018 WL 1275752, at *3 (S.D.N.Y. 2018) (citing Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law).[2]

Service by email on Alno's representative, Sabrina Lee, comports with due process. Sabrina Lee communicated regularly with Jason Delves regarding several topics over the last eight months using the e-mail address sabrina@haiyanwoodworking.com. (Delves Decl., ¶ 3.) Specifically, they discussed the issues raised in this lawsuit regarding certification that the products were manufactured in Malaysia. (*Id*., ¶ 5.)  They also discussed a potential acquisition of certain Haiyan assets in the United States by Cabinets to Go. (*Id*., ¶ 7.)  Service on Ms. Lee by

---

[2] https://www.hcch.net/en/instruments/conventions/status-table/?cid=17

email will provide Alno with actual notice of this lawsuit in a format and language its representative can understand.

In the alternative, service on Alno's U.S.-based attorneys is also equally appropriate. "Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)." *Cheetah Mobile, Inc. v. APUS Group*, 2016 WL 4036098, at *3 (N.D. Cal. July 28, 2016) quoting *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011). By retaining Perez Morris, Alno has demonstrated that it must have actual notice of this lawsuit and the claims asserted against it.

Consequently, Cabinets to Go respectfully requests that the Court order service on Alno by e-mail or, in the alternative, on the Perez Morris law firm.

### 3. Alternative service on Haiyan and Drouot is proper because alternative methods are not prohibited by the Hague Convention and these defendants appear to have actual knowledge of this lawsuit.

The Hague Convention does not prohibit service of process by email. *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies*, LLC, 295 F.R.D. 259 (S.D. Ohio 2013). Moreover, Cabinets to Go is not obligated to seek service under the Hague Convention before asking for service by alternative means.

> The Court agrees with Plaintiffs that Hague Convention service is optional under Federal Rule of Civil Procedure 4. In accordance with most other courts, this Court has previously held that while Hague Convention service is certainly satisfactory, Rule 4(f)(3) also allows service "by other means not prohibited by international agreement, as the court orders." *See Monco v. Zoltek Corp.*, 2018 WL 3190817, at *4 (N.D. Ill. Apr. 24, 2018); *Strabala v. Zhang*, 318 F.R.D. 81, 115 (N.D. Ill. 2016); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002). Thus, the Federal Rules of Civil Procedure did not require Plaintiffs to attempt Hague Convention service prior to seeking alternative service pursuant to Rule 4(f)(3).

*Hangzhou Chic Intelligent Tech. Co. v. Partnerships and Unincorporated Associations Identified on Sched. A*, 2021 WL 1222783, at *1 (N.D. Ill. Apr. 1, 2021).

In this case, Sabrina Lee is a known agent for Haiyan and Drouot. She has communicated regularly with Cabinets to Go on behalf of these entities. Over the last eight months, Ms. Lee has repeatedly responded to email messages sent to her at sabrina@haiyanwoodworking.com. Service by email on an known agent for Haiyan and Drouot will provide them with actual notice of this lawsuit.

Alternatively, Cabinets to Go seeks service on U.S.-based counsel for Haiyan and Drouot. "Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)." *Cheetah Mobile,* 2016 WL 4036098, at *3 (N.D. Cal. July 28, 2016) (citation omitted). "This form of service on a Chinese defendant is not prohibited under the Hague Convention." *Id.* citing *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal. 2014) (other citations omitted). "[T]he Court is confident that service on Defendant's U.S. counsel is reasonably calculated to give Defendant notice of this action and to provide Defendant the opportunity to present its objections…. Indeed, Defendant has actual notice of this action…." *Id.* (citations omitted).

Additionally, service on the Perez Morris firm does not violate the Hague Convention because it does not require documents to be transmitted abroad.

> The [] Plaintiffs' proposed method of alternative service on the China Defendants' U.S. counsel is not prohibited by international law, specifically the Convention, of which the United States and China are both signatories. The Convention was ratified with the objective of streamlining the procedure by which "judicial and extrajudicial documents...[are] *served abroad.*" Courts have held that the Convention is not relevant when the proposed method of alternative service is to be effectuated domestically. In *Volkswagenwerk Aktiengesellschaft v. Schlunk*, [486 U.S. 694, 707, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988),] the Supreme Court clarified that "[t]he only transmittal to which the Convention applies is a transmittal abroad ... [and] [w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications." The District of New Jersey in *Bravetti v. Liu* [2013 WL 6501740, at *3] held that the Convention did not apply because the foreign individuals' addresses in that case were unknown and "the Hague Convention does

not apply [when the] proposed method of service does not require the transmittal of documents abroad." Similarly, the Southern District of New York in *In re GLG Tech Corp. Securities Litigation* [287 F.R.D. 262, 266 (S.D.N.Y. 2012)] allowed alternative service on a foreign defendant's counsel, stating it "would not run afoul of the Hague Convention since ... no documents would be transmitted abroad."

*Vanderhoef v. China Auto Logistics Inc.*, 2019 WL 6337908, at *3 (D.N.J. Nov. 26, 2019).

In this case, Haiyan and Drouot are represented by U.S.-based counsel. There have been exchanges between counsel for the parties since September 23, 2021 regarding the substantive issues in this case, including discussions regarding potential settlement. This demonstrates that Haiyan and Drouot must have actual notice of this lawsuit and the claims asserted against them.

Consequently, Cabinets to Go respectfully requests that the Court order service on Haiyan and Drouot by email or, in the alternative, on the Perez Morris law firm.

Respectfully submitted,

*V. Brandon McGrath*
V. Brandon McGrath
Dentons Bingham Greenebaum LLP
312 Walnut Street, Suite 2450
Cincinnati, Ohio 45202
Telephone: (513) 455-7641
Email: brandon.mcgrath@dentons.com

Sarah Laren
Dentons Bingham Greenebaum LLP
300 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 288-4635
Email: sarah.laren@dentons.com

Charles E. Dorkey, III
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 905-8330
Email: charles.dorkey@dentons.com

H. Buckley Cole (BPR #11811)
PEPPER LAW, PLC
Nashville, Tennessee 37219
Telephone: (615) 256-4838
Fax: (615) 292-9613
Email: bcole@pepperlawplc.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

At this time, there are no Defendants in the Court's CM/ECF electronic filing system.

I hereby certify that a true and correct copy of the foregoing document have been served on the below-listed person(s), via U.S. Mail, postage prepaid on November 3, 2021.

SCIOTO VALLEY WOODWORKING, INC.
516 Station Avenue
Cincinnati, OH 45215

*/s/ V. Brandon McGrath*
