UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CABINETS TO GO, LLC, | : | Case No. 3:21-cv-00711 |
| Plaintiff, | : | Judge Waverly D. Crenshaw, Jr. |
| v. | : | |
| QINGDAO HAIYAN GROUP CO., et al., | : | |
| Defendants. | : | |

## DECLARATION OF JASON DELVES

1. I am the Chief ~~Operating~~ Eventus Officer of Cabinet to Go, LLC ("Cabinets to Go"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. Representatives of Defendants Defendant Qingdao Haiyan Group Co., LTD ("Haiyan"), Qingdao Drouot Woodworking Co. ("Drouot"), and Alno Industry SDN BHD ("Alno") regularly communicated with me and other representatives for Cabinets to Go by email and email is the primary method of doing business between the parties.

3. Sabrina Lee, a representative of Haiyan, Drouot, and Alno, communicated with me regularly regarding several topics over the last eight months using the email address sabrina@haiyanwoodworking.com.

4. All of these email communications were in English.

5. During these exchanges, Ms. Lee and I discussed many topics, including the issues raised in this lawsuit.

6. Ms. Lee and I also had telephone calls that were conducted in English where we discussed the country of origin of the products at issue in this case. We specifically discussed whether the products were manufactured in Malaysia.

7. Previous to that conversation, Ms. Lee and I had also discussed a potential acquisition of certain Haiyan assets in the United States by Cabinets to Go.

8. On September 27, 2021, U.S. Customs required Cabinets to Go to import the thirteen containers that had actually been delivered to the United States.

9. As a result, Cabinets to Go was required by law to amend its customs declaration regarding the country of origin for the products in these containers and is now subject to the tariffs associated with importing product from China instead of Malaysia.

10. Cabinets to Go incurred at least $650,000 in damages related to these tariffs.

11. Cabinets to Go's losses are mounting daily.

Under 28 U.S.C. § 1746, I declare the above statements are true and accurate to the best of my knowledge.

Jason Delves

Executed: October 20, 2021