IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CABINETS TO GO, LLC.,<br>    Plaintiff,<br><br>v.<br><br>QINGDAO HAIYAN REAL ESTATE<br>GROUP CO., LTD, et al.<br>    Defendants. | Civil Action Number 3:21-cv-711<br>Chief Judge Crenshaw/Frensley<br>Jury Demand |

**ORDER**

Pending before the Court is Plaintiff's *Ex Parte* Application for Order Allowing Alternative Service On Defendants Qingdao Haiyan Real Estate Group Co., Ltd, Qingdao Drouot Wood Industry Co., Ltd, and Alno Industry SDN BHD and Memorandum Of Law. Docket No. 27. In the motion, Plaintiff seek an Order allowing them to serve the identified Defendants two Chinese companies and a Malaysian company, by email or, in the alternative, through their U. S. attorneys. *Id.* The motion indicates that the Plaintiff regularly communicated with a representative of the three companies by email as the primary method of doing business. *Id.* Plaintiff further asserts that after providing a request for waiver of service to the Defendants, they communicated with Defendants' U. S. based counsel, a firm located in Columbus, Ohio. *Id.* Plaintiff's counsel was advised that Defendants' counsel was unable to accept service of process and Defendants' counsel did not respond to a request they execute waiver of service. *Id.* The Plaintiff indicates in its motion that it is also in the process of preparing and serving process on the Chinese companies through the Hague Convention. *Id.*

The Plaintiff has filed a supplemental memorandum in support of its motion for alternative service. Docket No. 33. In that memorandum, Plaintiff notes that another Defendant, Scioto Valley

Woodworking, Inc. d/b/a Valleywood Cabinetry ("Valleywood") has been served and returned a waiver of service of summons. Docket No. 33. The supplemental memorandum states the following: "[a]s discussed in the Application, Counsel for Valleywood also represents the other defendants in the case." *Id.*

After the filing of the supplemental memorandum, notices of appearances were entered by Richard C. Mangelsdorf, Jr. and Matthew T. Byron of the firm McAngus, Goudelock & Courie, LLC on behalf of Valleywood. Docket Nos. 34 and 35. Notwithstanding Plaintiff's representations in its supplemental memorandum, neither these lawyers nor their firm appear to be the same one referenced in the Plaintiff's motion for alternative service. However, counsel for Defendant Valleywood has not disputed the representations made in the supplemental memorandum.

Plaintiff seeks permission to serve the three named Defendants by email or, in the alternative, through their U. S. attorneys rather than serve them through the Hague Convention. Docket No. 27. They argue that based upon the history of communications between Plaintiff and these Defendants including, discussing the matters at issue in this litigation, email would be the best way to serve these Defendants. *Id.* Plaintiff set forth their numerous efforts to obtain service through the Defendants as well as their counsel and argue that serving them by email will be the most certain way to reach the Defendants. *Id.*

In its motion, Plaintiff makes three points: (1) service by email is allowable and authorized by the Federal Rules of Civil Procedure; (2) service through the Hague Convention is not required; and (3) email service will provide actual notice as required by Rule 4 and due process.

## LAW AND ANALYSIS

A. **Standard of Review**

Rule 4 of the Federal Rules of Civil Procedure dictates how Plaintiffs should serve process

on Defendants. Rule 4(f)(1) provides that service may be accomplished on any person not within the judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . ." Fed. R. Civ. P. 4(f)(1). Both the United States and China are signatories to the Hague Convention. *Noco Company, Inc. v. Zhejiang Quingyou Elec. Comm. Co.*, 2021 WL 268770, at *2 (N. D. Ohio Jan. 27, 2021). The advisory committee notes to Rule 4 suggests that courts may allow a "special method of service" under Rule 4(f)(3), even if service is also possible through Rule 4(f)(1). *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F. 3d 1007, 1015 (9th Cir. 2002). The Sixth Circuit has not addressed "whether there is a hierarchy of preference among Rule 4(f)'s methods of service" and district courts in the circuit are split on the issue. *Slay v. IB Travelin, Inc.,* 2019 WL 572877 at * 2 (W. D. Tenn. Feb. 12, 2019). This Court, however, joins the many district courts in the circuit that finds the Ninth Circuit's analysis of the issue persuasive and the Plaintiffs need not attempt service under Hague Convention. *See e. g. Slay, supra*; *Cisco Systems, Inc. v. Lamination Service, Inc.,* 2021 WL 2043980 (W. D. Tenn. May 21, 2021); *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, 250 F. Supp. 3d 296, 306 (W. D. Ky. 2017).

Service under Fed. R. Civ. P. 4(f)(3) must be (1) directed by the Court and (2) and not prohibited by international agreement. The method of service "must also comport with constitutional notions of due process." *Studio A Entertainment, Inc. v. Active Distributors, Inc.*, 2008 WL 162785 at *3 (N. D. Ohio Jan. 15, 2008). Further, the method has to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.* 339 U. S. 314 (1950).

### B. The Plaintiff's Motion for Alternative Service

The Plaintiff seeks permission to serve these Defendants by email or in the alternative through their U. S attorneys. Docket No. 27. The supporting memorandum and declaration establish that representatives of the Defendants regularly communicated with Plaintiff by email as the primary method of doing business between the parties. Docket No. 27, 27-1. In addition to general business-related communications, it appears the parties have specially discussed this litigation by email and that the Defendants have been provided a copy of the lawsuit already through email as well as requests for waiver of service. *Id.* Those communications apparently were successful in advising the Defendants of the litigation as they resulted in communications between Plaintiff's counsel and counsel purporting the represent the Defendants in the United States. *Id.*, 27-2. Notwithstanding all of those communications, Plaintiff has still been unable to prefect service.

Based on the foregoing, the Court finds that the Plaintiff has made reasonably diligent efforts to perfect service in this case but has been unable to do so. Notwithstanding the applicability of the Hague Convention as to at least the Chinese Defendants, the Court agrees with other courts that have found that service by email is not prohibited by the Hague Convention or that further delay is necessary in light of the previous efforts to obtain service. The Court finds that Plaintiff has demonstrated that the facts and circumstances of the instant case necessitate the Court's intervention and will authorize alternative service. Because it is unclear to the Court notwithstanding the Plaintiff's representation its supplemental memorandum who is representing the unserved Defendants, the Court will not authorize service through counsel. However, based upon the information regarding the regular email communications between the Defendant's representative Sabrina Lee and Plaintiff, the Court will authorize service on the three Defendants

by email to Ms. Lee as she is a known agent for each of the companies.

The Court further finds that service by email satisfies the requirements of Fed. R. Civ. P. 4(f)(3) in that it is "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio International Interlink*, 284 F. 3d 1007, 1016-17 (9th Cir. 2002)(quoting *Mullane v. Central Hanover Bank & Trust Co.* 339 U. S. 314 (1950)). Given that Plaintiff has had multiple communications with Ms. Lee at the email address that it now seeks to use for service of process resulting in communication thereafter with U. S. based counsel purportedly representing the Defendants, the Court has little doubt that serving these Defendants by email would apprise them of this action in accord with due process. Given Plaintiff's multiple unsuccessful attempts to serve these Defendants, the Court finds that substitute service is warranted and may be served by email under Fed. R. Civ. P. 4(f)(3).

For the reasons set forth herein, the Plaintiff's *Ex Parte* Application for Order Allowing Alternative Service On Defendants Qingdao Haiyan Real Estate Group Co., Ltd, Qingdao Drouot Wood Industry Co., Ltd, and Alno Industry SDN BHD (Docket No. 27) is **GRANTED**.

It is **ORDERED** that Plaintiff is authorized to serve these Defendants with the summons and Complaint using the Defendants' known email addresses as stated in the application.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**JEFFERY S. FRENSLEY**
United States Magistrate Judge