IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE DIVISION

| | |
|---|---|
| CABINETS TO GO, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| QINGDAO HAIYAN REAL ESTATE GROUP CO., LTD; QINGDAO DROUOT WOOD INDUSTRY CO. LTD., ALNO INDUSTRY SDN BHD, and SCIOTO VALLEY WOODWORKING, INC. d/b/a VALLEYWOOD CABINETRY, | ) CASE NO.: 3:21-cv-00711 ) ) Chief Judge Waverly D. Crenshaw, Jr. ) ) Magistrate Judge Jeffrey S. Frensley ) ) JURY DEMAND ) ) ) |
| Defendants. | ) |

**DEFENDANTS QINGDAO HAIYAN REAL ESTATE GROUP CO., LTD. , QINGDAO DROUOT WOOD INDUSTRY CO., LTD., AND ALNO INDUSTRY SDN BHD'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW Defendants Qingdao Haiyan Real Estate Group Co., LTD ("Haiyan"), Qingdao Drouot Wood Industry Co., LTD ("Drouot"), and Alno Industry SDN BHD ("Alno") (collectively, the "Foreign Defendants"), by and through counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and respectfully submits the following Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint ("Complaint").

**PRELIMINARY STATEMENT**

Plaintiff's claims cannot stand against the Foreign Defendants because Plaintiff has failed to meet its burden to establish personal jurisdiction over the Foreign Defendants. At its essence, the matter before this Court is a dispute arising from a set of specific orders for cabinets that were

1

HB: 4877-4566-7340.2

Case 3:21-cv-00711    Document 58    Filed 02/01/22    Page 1 of 10 PageID #: 225

purchased by Cabinets To Go, LLC ("Plaintiff" or "CTG") from the Foreign Defendants[1] (the "At Issue Product"). Plaintiff and the Foreign Defendants have had an ongoing business relationship since 2010, whereby CTG placed orders for specific products, CTG picked up the product in Asia, CTG shipped the product to CTG's chosen location and CTG later sold the product to its retail customers.

The relationship between CTG and the Foreign Defendants began outside of the United States and is negotiated and conducted outside of the United States. Accordingly, Plaintiff has not and cannot plead sufficient facts that the Foreign Defendants are subject to specific jurisdiction in this Court. Plaintiff also has not and cannot plead any facts that the Foreign Defendants are subject to the personal jurisdiction of this Court for any circumstances outside the transactions at issue, as the business activities of the Foreign Defendants are entirely extraterritorial. Thus, Plaintiff has failed to meet their burden to establish personal jurisdiction over the Foreign Defendants. Further, Plaintiff has failed to show how this judicial district has a substantial connection to the litigation, other than CTG's unilateral choice to ship the At Issue Product to Tennessee after the completion of CTG's extraterritorial business with the Foreign Defendants.

Even if the Court were to find that personal jurisdiction exists and venue is proper, Plaintiff's cause of action under the Tennessee Consumer Protection Act ("TCPA") cannot stand because Plaintiff has failed to allege facts which would fall within the purview of the TCPA.

Accordingly, the Foreign Defendants ask this Court to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).

---

[1] For purposes of this jurisdictional motion, only, the Foreign Defendants do not differentiate between their business relationships and dealings with the Plaintiff. However, for the Court's reference and to avoid waiving any arguments regarding the merits of the claim, the Foreign Defendants state the At Issue Product was manufactured by Alno. Haiyan and Drouot are separate business entities from Alno that previously did business with Plaintiff but were not the contractual entities involved in the orders at issue in this litigation.

## LAW & ARGUMENT

A.  **Motion to Dismiss Standard.**

"In all cases, the party asserting personal jurisdiction bears the burden of establishing that such jurisdiction exists." *Kerns v. Catepillar, Inc.*, 583 F. Supp. 2d, 885, 891 (M.D. Tenn. 2008). Prima facie showing of jurisdiction is generally established from the plaintiff's presentation of specific facts set forth in its complaint. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 199). Presented with a properly supported motion to dismiss, however, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* The court may decide the motion on the affidavits alone, at an evidentiary hearing, or following discovery. *Bird v. Parsons,* 289 F.3d 883, 887 (6th Cir. 2002). In considering a motion to dismiss, "the court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." *Id.* at 871. This requirement, however, does not require the court "to ignore undisputed factual representations of the defendant which are consistent with the representations of the plaintiffs." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir.1997).

The plaintiff likewise has the burden to show that venue is proper. *Am. Earth Solutions, LLC v. Peacock*, No. 3:13-cv-1097, 2014 WL 1007285, at *2 (M.D. Tenn. Mar. 14, 2014). When faced with a motion to dismiss for improper venue, "the court may examine facts outside of the complaint but 'must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" *Receiver of assets of Mid-America Energy, Inc. v. Coffman*, 719 S. Supp. 2d 884, 890–91 (M.D. Tenn. 2010) (quoting *Gone to the Beach, LLC v. Choicepoint Servs.*, 434 F. Supp. 2d, 534, 536–37 (W.D. Tenn. 2006)).

A defendant is also entitled to dismissal when a complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1);

3

*see id.* § 12(b)(6). While courts construe factual allegations in a plaintiff's favor in deciding a motion to dismiss, the court need not accept legal conclusions as true. *Blackburn v. Fisk University*, 443 F.2d 121, 123 (6th Cir. 1971). The court also "should not assume facts that could and should have been pled, but were not." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 522 (6th Cir. 2008). The court is "not bound by allegations that are clearly unsupported and unsupportable." *Blackburn*, 443 F.2d at 123.

**B. Plaintiff's claims against the Foreign Defendants should be dismissed because Plaintiff cannot meet its burden to establish personal jurisdiction over the Foreign Defendants.** [2]

A federal court sitting in diversity has personal jurisdiction over a defendant if the defendant is "at home" in the forum state or jurisdiction is authorized by the forum state's long-arm statute and consistent with due process. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). Tennessee law is "coterminous with the limits on personal jurisdiction imposed" by the Constitution, and, thus, the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical. *Bridgeport Music, Inc. v. Still N the Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003).

**1. None of the Foreign Defendants are subject to general jurisdiction in this Court because they are not "at home" in Tennessee.**

A court has general jurisdiction over a corporation when the corporation has made such continuous and systematic contacts to consider it "at home" in the forum state. *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014). None of the Foreign Defendants are "at home" in Tennessee. Both Haiyan and Drouot are Chinese limited liability companies with principal places of business

---

[2] The Foreign Defendants have provided Declarations with supporting facts which are pertinent to jurisdiction. Since the specific facts alleged by Plaintiff in support of jurisdiction fail to state a *prima facie* case for jurisdiction against these Foreign Defendants, the Court may weigh the evidence provided by these Defendants. *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir.1996).

in Qingdao, Shandong, China.³ Alno is a Malaysian limited liability company with its principal place of business in Penang, Malaysia. All three Foreign Defendants conduct their entire operations outside of the United States. The Foreign Defendants do not solicit sales in the United States. Each of their customers picks up their orders from the Foreign Defendants' respective home country. Each of their customers is solely responsible for transportation of their purchased products from the Foreign Defendants' manufacturing location to the customers' intended destination, including importation, if necessary. Plaintiff has pled no facts alleging that any of the Foreign Defendants are incorporated or maintain their primary places of business in Tennessee, and no facts could support Plaintiff's assertion that the Foreign Defendants "continuously and systematically" contact Tennessee to make general jurisdiction over the Foreign Defendants proper in this Court.

> **2. None of the Foreign Defendants are subject to specific jurisdiction in this Court because they have not "purposefully availed" themselves of the laws of Tennessee through any actions related to the litigation.**

Tennessee law confers specific jurisdiction to nonresident defendants that have sufficient "minimum contacts" with Tennessee such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Payne v. Motorists' Mut. Ins. Cos.*, 4 F.3d 452, 454 (6th Cir. 1993). Specific jurisdiction is proper under Tennessee law only if the following elements are satisfied:

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

---

³ A defendant may file affidavits in conjunction with a Motion to Dismiss to plead additional facts that are relevant to jurisdiction. *See, e.g.*, *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

*Payne,* 4 F.3d at 477–78 (quoting *Southern Mach. Co. v. Mohasco Indust. Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)). Additional scrutiny is warranted when a matter involves Foreign Defendants. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987). Specifically, "[t]he unique burden placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id.*

To assert personal jurisdiction over a foreign defendant, a court must find that the defendant deliberately acts in the forum state or that its overt actions are the "prime generating cause" of an effect to the forum state. *Bridgeport,* 327 F.3d at 478. The Foreign Defendants and CTG have conducted all of their business overseas. CTG solicited business from the Foreign Defendants through CTG's agent in Asia. CTG submits orders to the Foreign Defendants in Asia. By CTG's own allegations, all of the At Issue Products were manufactured outside of the United States and transferred to CTG outside of the United States. The "purposeful availment" requirement ensures that a defendant will not be hailed into court because of the "unilateral activity of another party or another person." *Bridgeport,* 327 F.3d at 478 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–75 (1985)). The only connection this case has to Tennessee is CTG's unilateral decision to ship its goods to Tennessee after the product was transferred, outside of the United States, to CTG. CTG received the cabinetry in Malaysia, shipped the At Issue Products to the United States, and imported the At Issue Products to Tennessee. CTG's "unilateral activity" does not make specific jurisdiction over the Foreign Defendants reasonable in this Court, and Plaintiff has pled no facts which could support its allegations that specific jurisdiction over the Foreign Defendants is otherwise proper.

**C.  Plaintiff's claims against the Foreign Defendants should be dismissed because this Court is an improper venue for the litigation.**

Venue is proper if "a substantial part of the events or omissions giving rise to the claim" occurred in the judicial district or "any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §§ 1391(b)(2)–(3). Here, CTG asserts proper venue "because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district" but has not pled facts which support this allegation. (Comp. ¶ 15)

A judicial district must have "a substantial connection to the plaintiff's claim" for venue to be proper in diversity of citizenship cases. *First of Mich. Corp. v. Bramblet*, 141 F.3d 260, 263 (6th Cir. 1998). Courts only find proper venue when there are multiple facts that show the case has a "substantial" connection to the judicial district, such as the parties in the litigation conducting business in Tennessee, visiting offices in Tennessee, manufacturing and shipping goods from Tennessee, *and* sending money transfers to Tennessee. *See, e.g., Am. Earth. Sols.*, 2014 WL 1007285, at *2; *Bramblet*, 141 F.3d at 264. By its own allegations, Plaintiff's claims arise from alleged acts that took place in Asia and prior to the importation of the At-Issue Product. CTG's unilateral decision to import the At Issue Products to Tennessee (unilateral acts that are the only contact with Tennessee) do not constitute a "substantial connection to plaintiff's claim,"

**D.  If the Court finds that Personal Jurisdiction Exists and Venue is Proper, Plaintiff's Tennessee Consumer Protection Act Claim should be dismissed with prejudice because Plaintiff has failed to allege facts within the purview of the TCPA.**

To state a claim for relief under the TCPA, Plaintiff must allege that (1) the Foreign Defendants engaged in an unfair or deceptive act that is declared unlawful by the TCPA; and (2) the Foreign Defendants' conduct caused an "ascertainable loss" of money or property. Tenn. Code Ann. § 47-18-109(a)(1); *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005). Plaintiff must allege an unfair or deceptive trade practice by the Foreign Defendants specifically

7

enumerated under § 47-18-14(b). *See Harding v. BMW of North America, LLC*, No. 3:20-cv-00061, 2020 WL 5039439, at *3 (M.D. Tenn., Aug. 26, 2020). Here, Plaintiff's claim must fail because CTG has alleged no conduct that constitutes an unfair or deceptive act under the statute.

Plaintiff alleges that the Foreign Defendants violated Tenn. Code Ann. § 47-18-104(b)(7) but has not pled facts which support this allegation. Paragraph (b)(7) prohibits "representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another." Tenn. Code Ann. § 47-18-104(b)(7). CTG is not aggrieved by the quality, grade, or models of the At Issue Product, but rather the country of origin. Country of origin is not a "standard, quality or grade" or "style or model" as contemplated by the TCPA. The TCPA is designed to protect consumers against defects in a product's quality or design. *See, e.g., Audio Visual Artistry v. Tanzer*, 403 S.W.3d 789 (Tenn. Ct. App. 2012); *Holladay v. Speed,* 208 S.W.3d 408 (Tenn. Ct. App. 2005). Courts have applied the statute to quality defects in products such as automobiles, *Williams v. BMW of North America*, LLC, 514 F. Supp. 3d 1036, 1040–41(E.D. Tenn. 2021), and services such as home improvements, *Holladay,* 208 S.W.3d 408 at 416–19, but the Foreign Defendants have not identified a case where this provision has been applied to goods based solely on country of origin. While country of origin may be considered a contractual term between Plaintiff and the Foreign Defendants, breach of contract is not a *per se* violation of the TCPA. *Carbon Processing and Reclamation, LLC v. Valero Marketing and Supply Co.*, 694 F. Supp. 2d 888, 913 (W.D. Tenn. 2010) (motion to reconsider granted on other grounds). Further, any issues that CTG has related to country of origin as a contractual term could be brought as a breach of contract claim, further illustrating the inappropriateness of a TCPA claim here.

8

## CONCLUSION

For the foregoing reasons, the Foreign Defendants respectfully request that this Court dismiss Plaintiff's Complaint against the Foreign Defendants for lack of personal jurisdiction and improper venue. If the Court finds that personal jurisdiction and venue are proper in this Court, the Foreign Defendants respectfully request that this Court dismiss Count V of the Plaintiff's Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: February 1, 2022

Respectfully submitted by:

**HUSCH BLACKWELL LLP**

*/s/ Samantha A. Lunn*
Samantha A. Lunn, TN BPR No. 030473
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423.266.5500
Facsimile: 423.266.5499
E-mail: samantha.lunn@huschblackwell.com

*Attorneys for Defendants QINGDAO HAIYAN REAL ESTATE GROUP CO., LTD, QINGDAO DROUOT WOOD INDUSTRY CO. LTD, and ALNO INDUSTRY SDN BHD*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

V. Brandon McGrath
Dentons Bingham Greenebaum LLP
312 Walnut Street, Suite 2450
Cincinnati, OH 45202
Brandon.mcgrath@dentons.com

H. Buckley Cole
Hall Booth Smith, P.C.
424 Church Street, Suite 2950
Nashville, TN 37219
bcole@pepperlawplc.com

Matthew T. Byron
McAngus, Goudelock & Courie, LLC
201 4th Avenue N., Suite 1400
P. O. Box 198349
Nashville, TN 37219
matt.byron@mgclaw.com

Charles E. Dorkey, III
Denton US LLP
1221 Avenue of the Americas
New York, NY 10020
charles.dorkey@dentons.com

Sarah Laren
Dentons Bingham Greenebaum LLP
300 West Vine Street, Suite 1200
Lexington, KY 40507
sarah.laren@dentons.com

Richard C. Mangelsdorf, Jr.
McAngus, Goudelock & Courie, LLC
520 West Summit Hill Drive, Suite 905
P.O. Box 990
Knoxville, TN 37901
chuck.mangelsdorf@mgclaw.com

This the 1st day of February, 2022.

/s/Samantha A. Lunn
Samantha A. Lunn