UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
Nashville Division

CABINETS TO GO, LLC,

    Plaintiff,

v.

QINGDAO HAIYAN GROUP, CO., LTD, et al.

    Defendants,

Civil Action No. 3:21-cv-00711

Judge Waverly D. Crenshaw, Jr.,
Magistrate Judge Jeffery S. Frensley

### DECLARATION OF LEI LI ION BEHALF OFDEFENDANT QINGDAO HAIYAN REAL ESTATE GROUP CO., LTD,

Lei Li, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.

2. I am the Senior International Business Managerof Qingdao Haiyan Real Estate Group Co., Ltd.("Haiyan"). I am the Account Executive responsible for managing purchase orders sent fromCabinets To Go, LLC ("CTG") to Haiyan. I submit this Declaration in support of Defendants' Motion to Dismiss.

3. Haiyan is a Chinese limited company, with its sole facilities located at Jihongtan Sub-district, Chengyang District, Qingdao City, Shandong Province, China.

4. Qingdao DrouotWood Industry Co., Ltd. ("Drouot")is a Chinese limited company, with its sole facilities located at Jihongtan Sub-district, Chengyang District, Qingdao City, Shandong Province, China. Drouot is a subsidiary of Haiyan.

1

5. Haiyan is not, nor was at any time, registered to do business in any state in the United States of America.

6. Haiyan has no offices, properties, leases, or employees in Tennessee or in any state in the United States of America.

7. Haiyan conductsits entire business operations outside of the United States of America.

8. Haiyan does not solicit any sales in the United States.

9. The business relationship between CTG and Haiyan beganon March 8, 2010 with solicitation in Chinaof product from Haiyan by CTG's affiliated/partnered corporation, Canadian Sequoia Floorings Inc.'s("Sequoia") Shanghai office,. Sequoia's solicitation from Haiyanin Chinawas followed by an on-site visit to Haiyan's facilities in China by Sequoia's employee May Liuon March 10, 2010. Further meetings and solicitation of businessbetween CTG and Haiyan likewise occurred at Haiyan's headquarters in Qingdao, Shandong, China.

10. AfterJune 2, 2015, Haiyan no longer manufactured any product ordered by CTG. All purchase orders fulfilled for CTG after that date were fulfilled by affiliated but separate corporate entities.

11. All purchase orders placed by CTG with Haiyan, including the subject cabinetry at issue in this litigation,were placed with Haiyan in China. CTG contracted to accept the product at Haiyan's manufacturing facility in its home country of China or its affiliated but separately operated manufacturing facility in Malaysia. Haiyan did not ship the product to CTG.Instead, all shipments from the manufacturing facilities to CTG's destination were arranged forand directed entirely by CTG.

Haiyan had no control over the products, the destination for the product, or the shipping process after the products were loaded onto CTG's containers at its manufacturing facility, and Haiyan did not cause the products to be shipped to any location in the United States, including Tennessee. The ultimate destination for products purchased by CTG was entirely outside of Haiyan's control, and within CTG's control.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 31/01, 2022.

*Lei Li*

Lei Li