IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

| | |
|---|---|
| **CABINETS TO GO, LLC,** | ) |
| Plaintiff, | ) CASE NO.: 3:21-CV-00711 ) |
| vs. | ) Honorable Waverly D. Crenshaw, Jr. ) |
| **QINGDAO HAIYAN REAL ESTATES GROUP CO., LTD et al.,** | ) Magistrate Judge Jeffrey S. Frensley ) ) JURY DEMAND |
| Defendants. | ) |

**DEFENDANT VALLEYWOOD'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Scioto Valley Woodworking, Inc. ("Valleywood") is not the "alter ego" for its parent company, Qingdao Haiyan Real Estate Group Co., LTD ("Haiyan") or any other affiliated foreign defendant. Plaintiff does not allege any independent acts by Valleywood giving rise to its claim. The evidence is undisputed that Valleywood and Haiyan are operated as two separate entities and therefore an alter ego theory against Valleywood on either the exercise of jurisdiction in Tennessee, or liability in favor of CTG, cannot succeed.

It is a principle of corporate law deeply "ingrained in our economic and legal systems" that a parent corporation is not liable for the acts of its subsidiaries. *Precision, Inc. v. Kenco/Williams, Inc.*, 66 F. App'x 1, 4 (6th Cir. 2003) citing *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998). This principle also protects a subsidiary company from liability for the acts of its parent or "sister" companies. See Horton, Liability of Corporation for Torts of Subsidiary, 7 A.L.R.3d 1343, 1349 (1966). Every corporate entity is recognized as separate and distinct from its stockholders, and to disregard the corporate entities in the case of parent and subsidiary requires more than simply having similar corporate names, locations, or the

1

exercise of dominion through common officers and directors. *Cont'l Bankers Life Ins. Co. of the S. v. Bank of Alamo*, 578 S.W.2d 625, 631 (Tenn. 1979). A corporation's separate form may only be disregarded if "a court [is] convinced that the separate corporate entity is a sham or a dummy or that disregarding the separate corporate entity is necessary to accomplish justice." *Nippert v. Jackson*, 860 F.Supp.2d 554, 573 (M.D. Tenn. 2012).

Piercing the corporate veil is a tool courts employ only in the most limited and narrow circumstances. Piercing the corporate veil in reverse—that is, holding an entity liable for the acts of its owner—what CTG seeks from Valleywood here—is significantly more controversial. *Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925, 931 (6th Cir. 2020) (citations omitted).

**A. CTG's alter ego claim fails to establish jurisdiction in Tennessee over Valleywood.**

In terms of jurisdiction, a subsidiary's jurisdictional contacts can be imputed to its parent only when the former is so dominated by the latter as to be its alter ego. *Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746 at 759. Valleywood is not, however, a conduit or instrumentality of, or dominated by Haiyan. Second Declaration of Jerome Burdock ("2nd Burdock Dec.") ¶¶ 1-11, attached as **Exhibit 1**. Instead, it is an independently operated and run corporation, separate and distinct from its parent corporation. (Id.) There is no basis for finding that jurisdiction over the Foreign Defendants, if found, be imputed to Valleywood, and Valleywood lacks any connection or contacts to Tennessee sufficient for jurisdiction to be exercised independently over it.

"The fact that the subsidiary is wholly owned by the parent corporation or the fact that the corporations have the same directors and officers" is insufficient "to show that the two are alter egos." *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d at 652 (citing *Bestfoods*, 524 U.S. at 69–70; *Adams v. Republic Steel Corp.*, 621 F.Supp. 370, 375 (W.D.Tenn.1985)). The focus in an alter-ego theory of personal jurisdiction is whether "the parent corporation 'exercises complete

2

dominion over its subsidiary, not only of finances, but of policy and business practice ***in respect to the transaction under attack,*** so that the corporate entity, ***as to that transaction***, had no separate mind, will or existence of its own.'" *Gordon*, 300 S.W.3d at 653 (emphasis added) (citing *Cont'l Bankers Life Ins. Co. of the S.*, 578 S.W.2d at 632).

Critically here, CTG does not maintain that Haiyan's alleged "control" over Valleywood had any impact on the actions or transactions at issue. Instead, CTG alleges harm based on Haiyan's alleged acts, alone. Even if Valleywood was controlled by Haiyan, which Valleywood disputes,[1] this control had no effect on the allegations before this Court, which involve only the importation of specific cabinets purchased by CTG from the Foreign Defendants. There is no basis to find Valleywood an alter ego for Haiyan because there is simply no allegation that Valleywood in any way committed or contributed to any act which injured CTG. CTG never alleges that Valleywood's individual actions were fraudulent or caused the Foreign Defendants to act in a way which harmed CTG, or that Valleywood directly caused CTG harm. Instead, Valleywood has been named in this litigation solely based on CTG's misguided belief each of the named entities are separate "divisions" of Haiyan and are operated as one entity, and in an attempt to access any potential jurisdictional or judgment streams, without any independent basis for holding Valleywood liable for the acts alleged. CTG's claims are wholly insufficient to justify personal jurisdiction over Valleywood or permit the litigation to proceed against Valleywood in Tennessee.

**B. CTG's alter ego claim fails to state a plausible claim for relief against Valleywood.**

In its Combined Response in Opposition to Defendants' Motions to Dismiss, CTG utterly fails to address or correct the fatal deficiencies in its Complaint against Valleywood. CTG fails to

---

[1] Nor must the Court rely upon or consider the alleged "Jiao Resume," **Exhibit 3** to Plaintiff's Combined Response in Opposition to Defendants' Motion to Dismiss, to infer any apparent control by Haiyan over Valleywood. The Jiao Resume is clearly hearsay and lacks any authentication. *See* Fed. R. Evid. 801, 901.

allege any specific acts by Valleywood which give rise to any viable claim against it and fails to address the fact that every one of its factual allegations in its Complaint relates expressly to Haiyan, alone. As noted in Valleywood's Motion to Dismiss, CTG alleges:

- A contract exists between Plaintiff and Haiyan for purchase of product which Haiyan manufactured. (DOC 26 ¶¶ 27, 37),
- Plaintiff placed the orders at issue with Haiyan, and paid Haiyan. (DOC 26 ¶ 32).
- All allegations regarding country of origin specifically identify Haiyan as the entity involved in the dispute. (DOC 26 ¶¶ 34-40, 42)

Further, Plaintiff specifically alleges:

- Haiyan breached its contract and warranty in violation of the United Nations Convention on Contracts for the International Sale of Goods ("CISG") (DOC 26 ¶¶ 53-59, 66-71);
- that Haiyan breached its contract and warranty in violation of Tennessee common law (DOC 26 ¶¶ 61-64, 73-77); and
- that Haiyan's acts were in violation of the Tennessee Consumer Protection Act (DOC 26 ¶¶ 79-84).

None of these allegations, even if proven true, support a claim for reverse piercing of the corporate veil "downhill" to Valleywood, Haiyan's subsidiary. Piercing the corporate veil, or liability on an alter ego theory, requires that the improper control alleged over the subsidiary must have been the proximate cause of injury to the plaintiff. See *Cont'l Bankers Life Ins. Co. of the S. v. Bank of Alamo,* 578 S.W.2d 625, 632 (Tenn. 1979). CTG does not allege in the Complaint or its Declarations any act by Valleywood, whether under Haiyan's control or not, which affect in any way, the subject transactions.[2]

**C.     Conclusion**

For the reasons set for in its Motion to dismiss and above, Valleywood moves this Court to dismiss the claims in the Amended Complaint pursuant to Rule 12(b)(2), 12(b)(3), or 12(b)(6)

---

[2] Quite frankly, Valleywood's involvement and relationship to this matter is wholly irrelevant to the subject matter of this litigation. From CTG's repeated mentions, it is abundantly clear Valleywood has been included in this litigation only for the improper motive by CTG of attempting to force Valleywood's sale by its parent company.

of the Federal Rules of Civil Procedure. Alternatively, if the Court does not dismiss Valleywood, Valleywood respectfully moves this Court for an Order for Plaintiff to provide a more definite statement of the claims pursuant to Fed. R. Civ. P. 12(e).

Respectfully submitted:

**MCANGUS GOUDELOCK & COURIE, LLC**

/s/Richard C. Mangelsdorf, Jr.
RICHARD C. MANGELSDORF, JR., 012707
MATT BYRON, 037514
201 4th Avenue N., Suite 1400
Nashville, Tennessee 37219
Phone: (615) 499-7177
Email: chuck.mangelsdorf@mgclaw.com
　　　　Matt.byron@mgclaw.com
ATTORNEYS FOR VALLEYWOOD

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and/or email. Parties may access this filing through the Court's electronic filing system.

V. Brandon McGrath
Dentons Bingham Greenebaum, LLP
312 Walnut Street, Suite 2450
Cincinnati, OH 45202

Sarah Laren
Dentons Bingham Greenebaum, LLP
300 West Vine Street, Suite 1200
Lexington, KY 40507
*Attorneys for Plaintiff*

Charles E. Dorkey, III
Dentons US, LLP
1221 Avenue of the Americas
New York, NY 10020

H. Buckley Cole
Pepper Law, PLC
201 4th Avenue North, Suite 1550
Nashville, TN 37219

Samantha A. Lunn
Madeline Leonard Phifer
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
*Attorneys for Foreign National Defendants*

This 16th day of March, 2022.　　　　　　/s/Richard C. Mangelsdorf, Jr.
　　　　　　　　　　　　　　　　　　　Richard C. Mangelsdorf, Jr.

5

Case 3:21-cv-00711    Document 68    Filed 03/16/22    Page 5 of 5 PageID #: 332