UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CABINETS TO GO, LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-CV-00711 |
| ) | |
| QINGDAO HAIYAN REAL ESTATE ) | Chief Judge Waverly D. Crenshaw, Jr. |
| GROUP CO., LTD, QINGDAO ) | |
| DROUOT WOOD INDUSTRY CO. ) | Magistrate Judge Jeffrey S. Frensley |
| LTD, ALNO INDUSTRY SDN BHD, ) | |
| and SCIOTO VALLEY WOODWORKING, ) | |
| INC. d/b/a VALLEYWOOD CABINETRY, ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANTS QINGDAO HAIYAN REAL ESTATE GROUP CO., LTD. ,
QINGDAO DROUOT WOOD INDUSTRY CO., LTD., AND ALNO INDUSTRY SDN
BHD'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW Defendants Qingdao Haiyan Real Estate Group Co., LTD ("Haiyan"), Qingdao Drouot Wood Industry Co., LTD ("Drouot"), and Alno Industry SDN BHD ("Alno") (collectively the "Foreign Defendants"), through counsel, submit this Reply in Support of their Motion to Dismiss Amended Complaint as follows:

**A.  The Foreign Defendants do not have sufficient minimum contacts with Tennessee for the Court to exercise jurisdiction.**

**1.  Plaintiff's allegations as to the relationship among the Foreign Defendants are not supported by facts and do not establish personal jurisdiction.**

Plaintiff's claim that the Foreign Defendants are one indistinguishable entity is inconsequential to the issue of jurisdiction. A parent corporation's or shareholder's general involvement with a subsidiary's performance, finance and budget decisions, and general policies and procedures does not provide a basis for attributing one corporation's contacts with the forum state to the other for the purposes of personal jurisdiction. *United States v. Bestfoods*, 524 U.S. 51, 72 (1998). The fact that a subsidiary is wholly owned by the parent corporation, or even the fact that a corporation may have the same directors and officers, is not sufficient to show that the parent and subsidiary are alter egos. *Id*. at 69–70; *Adams v. Republic Steel Corp.*, 621 F.Supp. 370, 375 (W.D.Tenn.1985).

None of the Foreign Defendants contest that they are affiliated corporate entities. However, each corporation operates independently as a separate legal entity. Each has its own Board of Directors, maintains separate books, separately files taxes in its home country, owns property in their own respective names, has separate offices, hires and maintains its own workforce and enters into binding contracts independently. (Second Declaration of Lei "Sabrina" Li (2d Li Dec.") ¶ 3, attached as Exhibit A, and Declaration of Liyan Jiao ("Jiao Dec."), ¶ 3, attached as Exhibit B) Plaintiff does not address the uncontested testimony by each of the individual Defendants establishing the separate corporate structure and operations of each distinct

1

entity. Instead, Plaintiff relies only on its perception and allegations of control between the separate entities. Plaintiff does not point to any facts that contradict the Foreign Defendants' declarations or that establish actual agency or control between or among the separate entities relevant to jurisdiction.

All evidence presented establishes that CTG's actions alone were the "prime generating cause" of any effect to Tennessee. *Bridgeport Music, Inc. v. Still N the Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003). Plaintiff does not dispute that CTG initiated all sales orders between CTG and the Foreign Defendants for the At-Issue Product and that CTG arranged the shipment and final delivery location of the At-Issue Product. (Foreign Defendants' Motion to Dismiss p. 6) The Foreign Defendants' awareness that CTG re-sells product in Tennessee is insufficient to establish minimum contacts, especially when the Foreign Defendants took no direct actions to cause an effect in the State. *J. McIntyre Mach., Ltd. v. Nicastro,* 564 U.S. 873, 883 (2011) (Breyer, J., concurring); *see Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.,* 480 U.S. 102, 111–12 (1987).

This is a classic case of defendants placing items into the international stream of commerce without anything "more" to demonstrate a specific interest or effect in Tennessee, which is insufficient to support an exercise of personal jurisdiction. *State v. NV Sumatra Tobacco Trading Co.*, 403 S.W.3d 726, 763 (Tenn. 2013).

> **2. The alleged contacts of the Foreign Defendants are not sufficient to support personal jurisdiction and are primarily based on the unilateral activities of Plaintiff.**

Plaintiff bases its assertion for personal jurisdiction on interactions between the Foreign Defendants and CTG in the United States that were initiated by CTG, not the Foreign Defendants. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The meeting that Plaintiff alleges occurred in Tennessee in "late 2019" actually took place in Boston and by CTG's invitation. (2d

Li Dec. ¶¶ 4–7) At CTG's request, members from Haiyan's team met with Tom Sullivan, the owner of CTG, and Mr. Delves on August 2, 2019, in Boston, Massachusetts. (*Id.* ¶ 5) A foreign company does not establish sufficient minimum contacts in one state by accepting a meeting invitation in another. *See, e.g.*, *Bridgeport Music Inc.*, 327 F.3d at 478 ("The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant himself….'").

Plaintiff's reliance on Foreign Defendants' travel to Tennessee in January 2020 is likewise faulty because the meeting was initiated by CTG. (Opp. at 3–4, 2d Li Dec. ¶ 8) CTG invited Haiyan to its Leadership Summit (the "Summit"), an event that was presented to Haiyan as a $15,000 "sponsorship" opportunity, i.e., a request for Haiyan to financially support CTG. (*Id.*) Haiyan's temporary presence in Tennessee at the Summit lasted only 3 days. (Jiao Dec. ¶ 8) Haiyan did not solicit business or visit any customers in Tennessee; it only brought and presented new product lines at CTG's request at the Summit. (*Id.* at ¶¶ 8–9)

Much ado, to no avail, is made about Jian "Philip" Jiao in Plaintiff's Reply. Philip Jiao is a law student at The Ohio State University Moritz College of Law in Columbus, Ohio. (*Id.* ¶ 10) Philip is the son of Liyan Jiao, who is a shareholder in Haiyan and in Defendant Scioto Valley Woodworking, Inc. (*Id.* ¶¶ 3, 10) Philip worked on a temporary basis for Haiyan while pursuing his undergraduate degree at Indiana University and at Valleywood Cabinetry in Waverly, Ohio during his gap year between undergraduate and graduate schools. (*Id.* ¶ 11) In July 2019, Philip left Valleywood Cabinetry in anticipation of starting law school (*Id.* ¶ 12) He is currently and has been a full-time law student from August 2019 to present. (*Id.*)

Philip has not been regularly employed by any of the Foreign Defendant entities in any capacity since August 2019. (*Id.*) Because Philip lives in the United States and understands

3

English, however, Philip has been asked by Haiyan employees to assist with translation and interpretation from time to time. (*Id.* ¶ 13) He did not receive compensation and was not otherwise involved in the business. (*Id.*) At no time has Philip had any ownership role at or authority to bind any of the Defendants (*Id.*) In corresponding with Jason Delves to investigate CTG's interest in purchasing Valleywood, Philip was merely assisting his father. (*Id.*) Philip attended the Summit in January 2020 to visit his overseas family and assist with translation as needed. (*Id.* ¶ 14) A son working in a family business during his school years or assisting a father in his business is not an unusual fact pattern. And none of these facts have any bearing on jurisdiction over the Foreign Defendants. To find otherwise would establish a precedent where every instance of a foreign student attending university in the United States would create personal jurisdiction over the business interests and companies of that student's family.

**B.    Malaysia has an interest in the resolution of this dispute.**

The heart of this dispute is over country of origin, with Malaysia being the key location at issue. Practical considerations including access to products, facilities and processes; relative ease in the procurement of documents and witnesses support the parties' interest in litigation taking place in Malaysia rather than Tennessee. The burden on the Foreign Defendants to litigate in Tennessee is high and unduly burdensome, particularly given the lack of connections the Foreign Defendants have to the State. None of the Foreign Defendants has a presence in Tennessee and, consequently, each Foreign Defendant will incur extensive travel expense, time, and burden if forced to appear in person. Further, Malaysia has an interest in resolution of this dispute. International trade is a key contributor to Malaysia's economy. The United States and Malaysia engage closely on trade.[1] The country has been a party to the General Agreement on Tariffs and

---

[1] United States. Trade and Investment Framework Agreement between the Government of the United States of America and the Government of Malaysia, May 10, 2004,

4

Case 3:21-cv-00711    Document 69    Filed 03/16/22    Page 5 of 8 PageID #: 339

Trade (GATT) since 1957 and was a founding member of the World Trade Organization (WTO).[2] Thus, Malaysia has a legitimate interest in resolution of this dispute and would be an appropriate and well-reasoned location for this matter to be handled.

**C.      Plaintiff fails to allege facts that support a claim within the purview of the Tennessee Consumer Protection Act.**

It is Plaintiff's burden to state a claim that has a legal basis and they have failed to do so under the TCPA. Courts need not accept legal conclusions as true under Rule 12(b)(6). *Weiner v. Tivity Health, Inc.*, 365 F. Supp. 3d 900, 907 (M.D. Tenn. 2019). While the court will construe factual allegations and reasonable interferences in Plaintiff's favor, CTG must do more than assert "a legal conclusion couched as a factual allegation" to state a claim under Rule 12(b)(6). *Id.* In opposing dismissal of the TCPA claims, Plaintiff concedes that there is nothing in the statute or case law that brings "country of origin" into the realm of the TCPA. Instead, Plaintiff relies on this Court's favor.

## CONCLUSION

For the reasons set forth in the Motion to Dismiss and above, the Foreign Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction and improper venue. If the Court finds that personal jurisdiction and venue are proper in this Court, the Foreign Defendants respectfully request that this Court dismiss Count V of the Plaintiff's Amended Complaint with prejudice and grant such other and further relief as the Court deems just and proper.

---

https://ustr.gov/sites/default/files/US-Malaysia%20TIFA.pdf.
[2] Lim Koon Huan, Manshan Singh, "International Trade in Goods and Services in Malaysia: Overview" Thompson Reuters Practical Law UK (1 Aug. 2021) accessed March 14, 2022, https://uk.practicallaw.thomsonreuters.com/w-017-9602?transitionType=Default&contextData=(sc.Default)&firstPage=true#co_pageContainer.

Dated: March 16, 2022    Respectfully submitted by:

**HUSCH BLACKWELL LLP**

*/s/ Samantha A. Lunn*
Samantha A. Lunn, TN BPR No. 030473
Madeline Leonard Phifer, TN BPR No. 038620
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423.266.5500
Facsimile: 423.266.5499
E-mail: samantha.lunn@huschblackwell.com
E-mail: madeline.leonardphifer@huschblackwell.com

*Attorneys for Defendants QINGDAO HAIYAN REAL ESTATE GROUP CO., LTD, QINGDAO DROUOT WOOD INDUSTRY CO. LTD, and ALNO INDUSTRY SDN BHD*

# CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| V. Brandon McGrath<br>Dentons Bingham Greenebaum LLP<br>312 Walnut Street, Suite 2450<br>Cincinnati, OH 45202<br>Brandon.mcgrath@dentons.com | Charles E. Dorkey, III<br>Denton US LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>charles.dorkey@dentons.com |
| H. Buckley Cole<br>Hall Booth Smith, P.C.<br>424 Church Street, Suite 2950<br>Nashville, TN 37219<br>bcole@pepperlawplc.com | Sarah Laren<br>Dentons Bingham Greenebaum LLP<br>300 West Vine Street, Suite 1200<br>Lexington, KY 40507<br>sarah.laren@dentons.com |
| Matthew T. Byron<br>McAngus, Goudelock & Courie, LLC<br>201 4th Avenue N., Suite 1400<br>P. O. Box 198349<br>Nashville, TN 37219<br>matt.byron@mgclaw.com | Richard C. Mangelsdorf, Jr.<br>McAngus, Goudelock & Courie, LLC<br>520 West Summit Hill Drive, Suite 905<br>P.O. Box 990<br>Knoxville, TN 37901<br>chuck.mangelsdorf@mgclaw.com |

This the 16th day of March, 2022.

/s/Samantha A. Lunn
Samantha A. Lunn