UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CABINETS TO GO, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>QINGDAO HAIYAN REAL ESTATE GROUP CO., LTD (青岛海燕置业集团有限公司), QINGDAO DROUOT WOOD INDUSTRY CO. LTD (青岛德鲁奥木业有限公司), ALNO INDUSTRY SDN BHD, and SCIOTO VALLEY WOODWORKING, INC., doing business as VALLEYWOOD CABINETRY,<br><br>Defendants. | Case No. 3:21-cv-00711<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Jeffery S. Frensley |

**DEFENDANT QINGDAO HAIYAN REAL ESTATE GROUP CO., LTD'S ANSWER TO PLAINTIFF CABINETS TO GO, LLC'S FIRST AMENDED COMPLAINT**

Defendant Qingdao Haiyan Real Estate Group Co., LTD ("Defendant" and/or "Haiyan"), by and through counsel, and for its Answer to the First Amended Complaint, states as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. Upon information and belief, admitted.

2. Upon information and belief, admitted.

3. Admitted.

4. Haiyan admits it is the parent company to and owns Alno Industry SDN BHD ("Alno"), a Malaysian Limited Liability Company located in Penang, Malaysia. Haiyan denies it manages the day-to-day operations of Alno which occur in Malaysia. All remaining allegations contained in Paragraph 4 not expressly admitted or denied herein are denied.

HB: 4873-3814-7592.2

Case 3:21-cv-00711    Document 85    Filed 11/28/22    Page 1 of 12 PageID #: 411

5. Haiyan admits employees of Haiyan communicated with Cabinets To Go, LLC ("Cabinets To Go") regarding Cabinets To Go's purchase orders with Alno. Haiyan denies all remaining allegations in Paragraph 5.

6. Admitted.

7. Paragraph 7 contains a legal conclusion for which no response is required; however, to the extent a response is required, Haiyan denies any and all allegations set forth in Paragraph 7.

8. Haiyan admits it owns Scioto Valley Woodworking, Inc., d/b/a Valleywood Cabinetry ("Valleywood"), a limited liability company located at 801 West 2nd Street, Waverly, Ohio, 45690, and Haiyan exercises rights over Valleywood in its capacity as parent corporation. Haiyan denies it manages the day-to-day operations of Valleywood. All remaining allegations contained in Paragraph 8 not expressly admitted or denied herein are denied.

9. Haiyan admits it, as Valleywood's parent company, engaged in discussions in 2021 with Cabinets To Go regarding the potential purchase by Cabinets To Go of Valleywood. All remaining allegations contained in Paragraph 9 not expressly admitted or denied herein are denied.

10. Paragraph 10 contains a legal conclusion for which no response is required; however, to the extent a response is required, Haiyan denies any and all allegations set forth in Paragraph 10.

11. Admitted.

12. Admitted.

13. Haiyan admits the Court has ruled it has personal jurisdiction over it for this matter. The remaining allegations contained in Paragraph 13 are legal conclusions for which no

response is required; however, to the extent a response is required, Haiyan denies any and all allegations set forth in Paragraph 13.

14. Haiyan admits the Court has ruled it has specific personal jurisdiction over it for this matter. The remaining allegations contained in Paragraph 14 are legal conclusions for which no response is required; however, to the extent a response is required, Haiyan denies any and all allegations set forth in Paragraph 14.

15. Haiyan admits the Court has ruled venue is proper in this matter. The remaining allegations contained in Paragraph 15 are legal conclusions for which no response is required; however, to the extent a response is required, Haiyan denies any and all allegations set forth in Paragraph 15.

**FACTS**

16. Haiyan admits Cabinets To Go, as the importer, is responsible for the payment of tariffs, antidumping duties, and countervailing duties. All remaining allegations contained in Paragraph 16 not expressly admitted or denied herein are denied.

17. Paragraph 17 contains a legal conclusion for which no response is required. To the extent a response is required, however, Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 17 and, therefore, denies the same.

18. Paragraph 18 contains a legal conclusion for which no response is required. To the extent a response is required, however, Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 18 and, therefore, denies the same.

19. The allegations contained in Paragraph 19 are not directed at Haiyan and therefore require no response; however, to the extent a response is required, Haiyan denies any and all allegations set forth in Paragraph 19.

20. Denied.

21. Haiyan lacks sufficient information to admit or deny the allegations contained within Paragraph 21 and, therefore, denies the same.

22. Haiyan lacks sufficient information to admit or deny the allegations contained within paragraph 22 and, therefore, denies the same.

23. Haiyan admits it owns Alno, which operates at a mill located in Malaysia. Haiyan also admits Alno has manufactured products for Cabinets To Go. All remaining allegations contained in Paragraph 23 not expressly admitted or denied herein are denied.

24. Haiyan admits Cabinets To Go and Haiyan have had a longstanding business relationship, whereby Haiyan and/or its subsidiaries supplied products to Cabinets To Go. All remaining allegations contained in Paragraph 24 not expressly admitted or denied herein are denied.

25. Haiyan lacks sufficient information to admit or deny the allegation contained in the first sentence of Paragraph 25. All remaining allegations contained in Paragraph 25 are denied.

26. Denied.

27. Haiyan states Alno manufactured the goods referred in Paragraph 27 after Cabinets To Go placed orders. Haiyan expressly denies it was involved in any way with shipping or importing these goods to the United States. Thus, Haiyan lacks sufficient information to admit or deny the remaining allegations in Paragraph 27 and, therefore, denies the same.

28. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 28, and, therefore, denies the same.

29. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 29, and, therefore, denies the same.

30. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 30, and, therefore, denies the same.

31. Denied.

32. Haiyan admits Cabinets To Go placed thirteen (13) purchase orders with Alno, through Haiyan, in February and March 2021, and the subject product was to be shipped by Cabinets To Go from Malaysia to Lawrenceburg. All remaining allegations contained in Paragraph 24 not expressly admitted or denied herein are denied.

33. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 33 related to Cabinets To Go's processes, and, therefore, denies the same. All remaining allegations in Paragraph 33 are denied.

34. Paragraph 34 contains a legal conclusion for which no response is required; however, to the extent a response is required, Haiyan denies any and all allegations set forth in Paragraph 34.

35. Haiyan admits it would not certify the country of origin for the purchase orders contained in the 13 Containers. Haiyan lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 35, and, therefore, denies the same.

36. Haiyan admits Cabinets To Go has not yet paid for the products in the purchase orders referred in Paragraph 36. Haiyan lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 36, and, therefore, denies the same.

37. Paragraph 37 contains a legal conclusion for which no response is required; however, to the extent a response is required, Haiyan denies any and all allegations set forth in Paragraph 37.

38. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 38, and, therefore, denies the same.

39. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 39, and, therefore, denies the same.

40. Paragraph 40 contains a legal conclusion for which no response is required; however, to the extent a response is required, Haiyan denies any and all allegations set forth in Paragraph 40.

41. Upon information and belief, admitted.

42. Haiyan admits Cabinets To Go requested Haiyan certify in the products fulfilled the purchase orders in the 13 Containers were manufactured in Malaysia on or around August 2021. All remaining allegations contained in Paragraph 42 not expressly admitted or denied herein are denied.

43. Haiyan admits the telephone call described in Paragraph 43 occurred and expressly denies all products and components contained in the 13 Containers were manufactured in China.

44. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 44, and, therefore, denies the same.

45. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 45, and, therefore, denies the same.

46. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 46, and, therefore, denies the same.

47. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 47, and, therefore, denies the same.

48. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 48, and, therefore, denies the same.

49. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 49, and, therefore, denies the same.

50. Haiyan lacks sufficient information to admit or deny the allegations contained in Paragraph 50, and, therefore, denies the same.

51. Paragraph 51 contains a legal conclusion for which no response is required; however, to the extent a response is required, Haiyan denies any and all allegations set forth in Paragraph 51.

## COUNT 1
## BREACH OF CONTRACT (CISG)

52. Haiyan incorporates by reference its responses to Paragraphs 1 through 51 as if fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Haiyan admits Cabinets To Go informed Sabrina Li, in her capacity as go-between for Cabinets To Go and Alno, Cabinets To Go expected their purchase orders to be fulfilled from Malaysia. Haiyan denies Cabinets To Go and Haiyan had an enforceable contract. All remaining allegations contained in Paragraph 56 not expressly admitted denied are denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT 2
## BREACH OF CONTRACT (TENNESSEE COMMON LAW)

60. Haiyan incorporates by reference its responses to Paragraphs 1 through 59 as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## COUNT 3
## BREACH OF WARRANTY (CISG)

65. Haiyan incorporates by reference its responses to Paragraphs 1 through 64 as if fully set forth herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT 4
## BREACH OF WARRANTY (TENNESSEE COMMON LAW)

72. Haiyan incorporates by reference its responses to Paragraphs 1 through 71 as if fully set forth herein.

73. Denied.

74. Haiyan admits Sabrina Li, in her capacity as go-between for Cabinets To Go and Alno, communicated to Cabinets To Go she believed Alno had the ability and capacity to produce the goods referred in Paragraph 74 in their Malaysian facility.

75. Denied.

76. Denied.

77. Haiyan admits Sabrina Li believed Alno had the ability and capacity to produce the goods referred in Paragraph 76 in their Malaysian facility at the time Ms. Li discussed country of origin with Cabinets To Go.

## COUNT 5
## DECEPTIVE BUSINESS PRACTICES UNDER THE TENNESSEE CONSUMER PROTECTION ACT ("TCPA")

78. Haiyan incorporates by reference its responses to Paragraphs 1 through 77 as if fully set forth herein.

79. Paragraph 79 contains a legal conclusion for which no response is required; however, to the extent a response is required, Haiyan denies any and all allegations set forth in Paragraph 79.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

WHEREFORE, Haiyan denies Cabinets To Go is entitled to any of the relief requested in the "WHEREFORE" section of its First Amended Complaint, including the enumerated sub-sections 1 through 5.

## GENERAL DENIAL

Haiyan denies every allegation of the First Amended Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. All or some of the claims asserted against Haiyan in Plaintiff's First Amended Complaint fail to state a claim upon which relief can be granted.

2. All or some claims asserted against Haiyan are barred in whole or in part by the doctrine of waiver, consent, estoppel, acquiescence, ratification, accord and satisfaction, unclean hands, release, and/or other equitable doctrine.

3. All or some claims asserted against Haiyan are barred in whole or in part to the extent there has been no legal injury.

4. All or some claims asserted against Haiyan are barred in whole or in part because any alleged damages, which Haiyan denies, are speculative and impossible to ascertain.

5. Haiyan's alleged acts and/or omissions did not result in Plaintiff's alleged damages, if any. Rather, the alleged acts and/or omissions, if any, were only secondary, inconsequential, and indirect, and in no way contributed to, resulted in, or caused the alleged damage to Plaintiff.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages.

WHEREFORE, Haiyan requests the Court dismiss Plaintiff's First Amended Complaint with prejudice, tax the cost of those proceedings against Plaintiff, award Haiyan all expenses and fees to which it may be entitled and grant such further relief as the Court deems just and proper.

Dated: November 28, 2022

Respectfully submitted by:

**HUSCH BLACKWELL LLP**

By: /s/ *Michael K. Alston*
Michael K. Alston, TN Bar No. 013697
Madeline Leonard Phifer, TN Bar No. 038620
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Phone: (423) 266-5500
Fax: (423) 266-5499
Michael.Alston@huschblackwell.com
Madeline.LeonardPhifer@huschblackwell.com

Rebecca J. Johnson (*pro hac vice pending*)
Juan J. Perez (*pro hac vice pending*)
**PEREZ MORRIS**
8000 Ravines Edge Court, Suite 300
Columbus, OH 43235
Telephone: (614) 431-1500
rjohnson@perez-morris.com
jperez@perez-morris.com

*Attorneys for Defendant Qingdao Haiyan Real Estate Group Co., Ltd.*

# CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2022 the foregoing pleading has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

V. Brandon McGrath
Dentons Bingham Greenebaum LLP
312 Walnut Street, Suite 2450
Cincinnati, OH 45202
Brandon.mcgrath@dentons.com

H. Buckley Cole (BPR #11811)
PEPPER LAW, PLC
1801 West End Avenue, Suite 80
Nashville, TN 37203
bcole@pepperlawplc.com

Charles E. Dorkey, III
Denton US LLP
1221 Avenue of the Americas
New York, NY 10020
charles.dorkey@dentons.com

Sarah Laren
Dentons Bingham Greenebaum LLP
300 West Vine Street, Suite 1200
Lexington, KY 40507
sarah.laren@dentons.com

*/s/ Michael K. Alston*
Michael K. Alston