# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CABINETS TO GO, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> QINGDAO HAIYAN REAL ESTATE GROUP CO., LTD (青岛海燕置业集团有限公司), QINGDAO DROUOT WOOD INDUSTRY CO. LTD (青岛德鲁奥木业有限公司), ALNO INDUSTRY SDN BHD, and SCIOTO VALLEY WOODWORKING, INC., doing business as VALLEYWOOD CABINETRY, <br><br> Defendants. | Case No. 3:21-cv-00711 <br><br> Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Jeffery S. Frensley |

**PLAINTIFF'S SUPPLEMENT TO JOINT DISCOVERY DISPUTE STATEMENT REGARDING SUBPOENAS TO WEI WEI WANG**

Plaintiff, Cabinets To Go, LLC ("CTG"), by counsel, respectfully submits it Supplement to the Joint Discovery Dispute Statement (the "Joint Statement") filed by former Defendant, Scioto Valley Woodworking, Inc. ("Valleywood") on Friday, January 27, 2023.[1] As indicated in the Joint Statement, CTG issued a Subpoena for Deposition and a Subpoena Duces Tecum to Wei Wei Wang ("Wang"), on January 11, 2023. According to Valleywood's Joint Statement, Wang is its

---

[1] The Joint Statement correctly notes that counsel for CTG and Haiyan had a conference call on January 26, 2023. However, that call was scheduled to discuss CTG's request to depose Chinese witnesses thought to be under Haiyan's control. At the outset of the call, opposing counsel for Haiyan indicated that Mr. Mangelsdorf, counsel for Valleywood, would be joining the call. Collectively, they then chose to raise their concerns about these subpoenas for the first time, despite receiving notice of CTG's intent to serve said subpoenas on January 11, 2023. Counsel for CTG indicated that more time was needed to consider Haiyan's points and adequately respond to them. The following afternoon, at 2:17 p.m., Haiyan's counsel tendered a draft Joint Statement to counsel for CTG. Subsequently, CTG's counsel spoke to Haiyan's counsel regarding the joint statement. Counsel for Valleywood did not tender its Joint Statement to the undersigned.

current Financial and Administrative Manager.[2] *See* DE #99-2, p. 1, ¶ 2. Haiyan identified Ms. Wang in its Rule 26 initial disclosures as a person who "may possess information regarding the facts and circumstances relating to the alleged transactions at issue and other allegations contained in the Complaint."

As set forth in the Amended Complaint, Haiyan agreed to manufacture products for CTG at its facility in Malaysia. *See* DE #26. Since 2019, the course of dealing between CTG and Haiyan made it clear that Haiyan could not manufacture products for CTG in China. *Id.* The certification of country of origin was repeatedly discussed and was a material component of CTG's agreement with Haiyan. *Id.* Thus, Haiyan was aware that failure to certify country of origin would result in CTG paying substantial penalties and tariffs. *Id.* CTG alleges Haiyan breached its agreement by refusing to certify the country of origin for certain products and breached its warranties by attempting to provide CTG with non-conforming goods. *Id.* For these reasons, the parties' respective understandings of their agreement and communications relating to same are relevant to CTG's claims. That is precisely the information and documentation sought in CTG's subpoenas to Ms. Wang. *See* DE #95-1.

"Motions to quash are governed by Rule 45(d)(3), which provides, in relevant part, a court 'must quash or modify a subpoena that (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies: or (iv) subjects a person to undue burden.'" *Estate of Barnwell v. Roane Cty., Tenn.*, No. 3:13-CV-124, 2016 WL 5937982, at *2 (E.D. Tenn. Feb. 26, 2016).

Valleywood claims the subpoenas place an undue burden on Wang because she "does not have relevant personal knowledge related to the issues remaining in the litigation." *See* DE #95, p.

---

[2] It is unclear why Valleywood believes it has standing to object to these subpoenas, as it has been dismissed as a party to this action and has consistently disclaimed any knowledge or involvement in the facts underlying this litigation.

3. In support of the Valleywood motion, Wang claims that she has never worked for Haiyan and "do[es] not have personal, firsthand knowledge of any facts relating to CTG's claims in this litigation." *See* DE #99-2, p. 1-2, ¶¶ 4-5.

Haiyan identified Ms. Wang in its Rule 26 initial disclosures as someone who "may possess information regarding the facts and circumstances relating to the alleged transactions at issue and other allegations contained in the Complaint." CTG seeks Wang's deposition based on this disclosure and because she sent numerous emails and participated in several phone calls related directly to the purchase orders at issue in this case. Wang has personal knowledge of the facts in these communications. Wang was acting on behalf of Haiyan in these communications with CTG about the very issues that lie at the heart of this case.

CTG disputes that Ms. Wang was merely an interpreter. But regardless, Ms. Wang was still party and a witness to communications between CTG and Haiyan. Thus, she has relevant and discoverable information that CTG should be able to explore in deposition.

It is not unduly burdensome on either Valleywood or Ms. Wang for her to give a deposition. She lives and works in Ohio and is subject to the subpoena power of this Court. She has been identified as someone with knowledge by Haiyan. The witnesses cited by Valleywood, Haiyan's Senior International Business Manager, Sabrina Lee, and Haiyan's former account executive, Amanda Li, are not readily accessible. *See* DE #99, p. 4. Amanda Li is a former Haiyan employee who currently resides in China and is believed to be a Chinese citizen. Haiyan has no control over her and no ability to produce her for a deposition. As for Sabrina Lee, Haiyan has not yet agreed to produce her for a deposition. Consequently, deposing Ms. Wang is not unduly burdensome on Valleywood or Ms. Wang.

Respectfully submitted,

*V. Brandon McGrath*
V. Brandon McGrath
Dentons Bingham Greenebaum LLP
312 Walnut Street, Suite 2450
Cincinnati, Ohio 45202
Telephone: (513) 455-7641
Email: brandon.mcgrath@dentons.com

Sarah Laren
Dentons Bingham Greenebaum LLP
300 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 288-4635
Email: sarah.laren@dentons.com

Charles E. Dorkey, III
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 905-8330
Email: charles.dorkey@dentons.com

*Attorneys for Plaintiff, Cabinets to Go*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of February, 2023, I filed the foregoing Supplement to the Joint Statement with the Court's electronic filing system, which serves notice upon the following:

Michael Alston
Madeline Leonard Phifer
Husch Blackwell LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423.266.5500
Facsimile: 423.266.5499
E-mail: Michael.alston@huschblackwell.com
E-mail:madeline.leonardphifer@huschblackwell.com

Rebecca J. Johnson
Juan J. Perez
Perez Morris
8000 Ravines Edge Court, Suite 300
Columbus, OH 43235
rjohnson@perez-morris.com
jperez@perez-morris.com

*Attorneys for Defendant,*
*Qingdao Haiyan Real Estate Group Co., Ltd.*

                                              */s/ V. Brandon McGrath*
                                              V. Brandon McGrath