UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CABINETS TO GO, LLC,

    Plaintiff,

vs.

QINGDAO HAIYAN REAL ESTATE
GROUP CO., LTD (青岛海燕置业集团有限公司),

    Defendant.

Case No. 3:21-cv-00711

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Jeffery S. Frensley

## DECLARATION OF LEI LI

Lei Li, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.

2. I am the Senior International Business Manager of Qingdao Haiyan Real Estate Group Co., Ltd. ("Haiyan"). I am the Account Executive responsible for managing purchase orders sent from Cabinets To Go, LLC ("CTG") to Haiyan. I submit this Declaration in support of Defendant's Response to Plaintiff's Statement of Facts and Statement of Additional Facts in Opposition to Plaintiff's Motion for Summary Judgment.

3. CTG did not have an executed written agreement with Haiyan. CTG has previously sent various drafts of Master Supply Agreement to Haiyan, seeking its signatures. *See* Doc. 126-6, pp. 1-5. However, Haiyan and its affiliates did not sign these agreements due to concerns regarding the fairness of the proposed terms. *Id.* Haiyan told CTG that Haiyan was not

in agreement with the terms and no contract was in place. *Id.* Despite negotiations between CTG and Haiyan, no final agreement was ever reached between these entities regarding terms of conducting business between CTG and Haiyan or its affiliated but separate corporate entities. *Id.*

4. Haiyan did not sign an agreement to be bound by the terms of the Supplier Manual, as supplied by CTG at Doc. 125-4.

5. No agreement, whether oral or written, stipulates that CTG is to exclusively purchase Springhill Hickory, Annapolis Blue, Hampton Pewter, Worthington White, Worthington Gray, Palm Beach Dark Chocolate, and Kensington Mist product lines solely from Haiyan or Haiyan's affiliated but separate corporate entities.

6. CTG began to purchase Palm Beach Dark Chocolate and Kensington Mist prior to January 2020. CTG's first purchase order of Palm Beach Dark Chocolate was placed in October 2016. CTG's first purchase order of Kensington Mist was placed in August 2019.

7. From August to December 2021, Alno stopped accepting new orders due to the impact of the COVID-19 pandemic and lockdown orders in Malaysia. *See* Exhibit 1.

8. In August 2021, CTG stopped certain Undelivered POs, listed in Doc. 126-12, from being delivered for reasons not related to country of origin. *See* Exhibit 2.

9. Between February 2020 and July 2021, CTG purchased (ordered and paid) products in the amount of $9,931,851.44, which is in average $709,417.96 per month.

10. Of the Undelivered POs, Plaintiff paid for three purchase orders, PO 65997, PO 65998, and PO 66000, in the amount of $180,156.63. *See* Exhibit 3.

11. CTG bears the responsibility to tender payment for the Undelivered POs that were ordered, manufactured, and inspected by CTG's designated inspectors for shipment; however, CTG has failed to fulfill this obligation since the commencement of the current litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____5.12_____, 2023.

                                                                          _/s/ Lei Li_____
                                                                          Lei Li